UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | | |
|---|---|---|
| Phillip Li, | § § | |
| *Plaintiff*, | § § | |
| VS. | § § § | CASE NO. 1:25-cv-00892 |
| Defendant 1, a/k/a Annie, *et al.*, | § § § | |
| *Defendants*. | § § § § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Before the Court is Plaintiff's Motion for Expedited Discovery. For the reasons that follow, the Court finds that the Motion should be **GRANTED**.

Plaintiff alleges that the Defendants have concealed their physical locations and use blockchain technology and the internet to perpetrate "pig butchering" investment scams. Plaintiff therefore requests expedited discovery in the form of subpoenas issued to various third parties likely to be in possession of information about the alleged scammers.

Typically, parties may not seek "discovery from any source before the conference required by Rule 26(f)." FED R. CIV. P. 26(d)(1). But expedited discovery before a Rule 26(f) conference is permitted where "authorized … by court order." *Id*. Courts apply a "good cause" standard to determine whether such an order should issue. *Strivelli v. Doe,* No. CV222060MASRLS, 2022 WL 1082638, at *2 (D.N.J. Apr. 11, 2022). Good cause may be found where "the

need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Many courts have authorized expedited discovery from cryptocurrency exchanges and internet-service providers in cryptocurrency-related fraud cases like this one. *See, e.g., Cohn v. Popescu*, No. 1:24-CV-00337, 2024 WL 4525511 (E.D. Tex. Aug. 16, 2024) (authorizing expedited discovery in similar cryptocurrency scam case); *Strivelli*, 2022 WL 1082638, at *2 (authorizing expedited discovery and noting "the Court's review of cryptocurrency theft cases reveals that courts often grant motions for expedited discovery to ascertain the identity of John Doe defendants"); *Licht v. Ling*, 2023 WL 4504585, at *4 (issuing broad authorization for expedited discovery in functionally identical crypto-fraud case and requiring that "any party served with a request for production shall produce all requested items within 72 hours of the request"). Indeed, courts have affirmatively held that any privacy interests that alleged cybercriminals have concerning the discovery of information about their identities and activities is outweighed by the need to adjudicate victims' claims against them. *Gaponyuk v. Alferov*, No. 2:23-CV-01317-KJM-JDP, 2023 WL 4670043 (E.D. Cal. July 20, 2023) (finding alleged cybercriminals' privacy interests were "outweighed by the need to adjudicate the [victim's] claims," and holding that "privacy concerns shall not be a just cause for [a] subpoenaed non-party to withhold [] requested documents and information").

- 3 -

For the foregoing reasons, Plaintiff's motion for leave to issue expedited discovery is **GRANTED**. Plaintiff is authorized to serve subpoenas on the third parties listed in the Motion and other persons or entities likely to be in possession of information about the Defendants in this matter. Such subpoenas shall comply with Rule 45 and shall be served along with a copy of this Order.

- 4 -

Dated: July 1, 2025

Prepared By:

THE HODA LAW FIRM, PLLC

*[signature]*

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy
Ste 101, PMB 51811
Houston, TX 77080
marshal@thehodalawfirm.com
alex@thehodalawfirm.com
(832) 848-0036

*Attorney for Plaintiff*