

Baker & McKenzie LLP

452 Fifth Avenue
New York, NY 10018

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

August 19, 2025

The Hon. LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Li v. Doe*, No. 1:25-cv-00892-LDH-JRC

Dear Judge Hall:

We represent Defendant Bank of Communications (Hong Kong) Limited ("BoCom") in the above-captioned matter. We respectfully write to request a pre-motion conference and leave to move to dismiss Plaintiff's complaint pursuant to Rule 12(b) on the following grounds:

# I.  Rule 12(b)(2):  Lack of Personal Jurisdiction

### A.  Plaintiff Does Not Properly Plead Personal Jurisdiction Over Any Defendant

In the Complaint, Plaintiff alleges that all Defendants—generally—are subject to personal jurisdiction because they "direct business activities towards and conduct business … within the State of New York…." Compl. ¶ 36. This is insufficient to establish jurisdiction, since "a plaintiff is required to establish personal jurisdiction separately over each defendant." *In re Aegean Mar. Petroleum Network, Inc. Secs. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021); *see also Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 379, 397 (S.D.N.Y. 2021) (granting motion to dismiss on jurisdictional grounds where complaint was "riddled with instances of improper group pleading").

### B.  The Court Does Not Have Personal Jurisdiction Over BoCom

Even if Plaintiff could establish personal jurisdiction over one or more of the defendants, Plaintiff cannot establish it over BoCom. First, there is no general jurisdiction, because BoCom is not at home in New York. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (a corporate defendant is "essentially at home" only where it is incorporated or maintains its principal place of business). Here, Plaintiff admits that BoCom is not incorporated in and does not have its principal place of business in New York. Compl. ¶ 10.

Nor is there specific jurisdiction relating to Plaintiff's statutory or common law claims. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir. 2018) ("[a] plaintiff must establish the court's jurisdiction with respect to each claim asserted") (internal quotations omitted); *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 343 (S.D.N.Y. 2015) ("[p]laintiffs asserting RICO claims against foreign defendants must rely on the long-arm statute of the state in which they filed suit"). Here, the *only connection* that Plaintiff alleges between BoCom and the United States is that BoCom passively received payments originating from the United States. Compl. ¶¶ 41, 57, 67. But it is well established that foreign banks that passively receive money from an account *in New*



*York* are not subject to personal jurisdiction in New York, precluding any argument that such a transfer *from an unnamed U.S. state* could subject a party to personal jurisdiction in New York. *See, e.g.*, *Leema Enters., Inc. v. Willi*, 575 F. Supp. 1533, 1537 (S.D.N.Y. 1983).

Plaintiff's attempt to allege conspiracy jurisdiction fares no better. Under CPLR 302(a)(2), Plaintiff must plead that (1) BoCom was part of a conspiracy involving overt acts in New York; (2) BoCom was aware of the effects of the activity in New York; (3) the in-state conspirators' actions were for BoCom's benefit; and (4) the in-state conspirators acted at the behest of, on behalf of, or under control of BoCom. *Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, No. 22-cv-05055 (ER), 2025 WL 1003964, at *13 (S.D.N.Y. Mar. 31, 2025). Plaintiff does not plead *any* of the latter three elements, and simply alleging the existence of a conspiracy is not enough. *See, e.g.*, *Lehigh Val. Indus., Inc. v. Birenbaum*, 527 F.2d 87, 83–94 (2d Cir. 1975) ("bland assertion of conspiracy" does not establish jurisdiction under 302(a)(2)).

In any event, the exercise of personal jurisdiction over BoCom would not comport with constitutional due process, as required under either the New York or federal long-arm statutes. *See Newman v. Jewish Agency for Israel*, No. 16-cv-7593, 2017 WL 6628616, at *4 (S.D.N.Y. Dec. 28, 2017) ("Plaintiffs' failure to establish minimum contacts and the reasonableness of exercising jurisdiction under [the New York long-arm statute] extends with equal force to the federal long arm statute."). Here, Plaintiff has not alleged *any* minimum contacts BoCom has with New York such that BoCom "should reasonably anticipate being haled into court there." *Huang v. Sentinel Gov't Secs.*, 657 F. Supp. 485, 489 (S.D.N.Y. 1987); *see also AmTrust Fin. Servs. v. Lacchini*, 260 F. Supp. 3d 316 (S.D.N.Y. 2017) (finding exercise of personal jurisdiction was not "constitutionally permissible" where there were no allegations that defendant "expressly directed his conduct at the United States").

**II.     Rule 12(b)(6): Failure to State a Claim**

Plaintiff pleads three causes of action against BoCom: (1) RICO Conspiracy – 18 U.S.C. § 1962(d) (Count Two); (2) Aiding & Abetting Fraud (Count Five); and (3) Aiding & Abetting Conversion (Count Six). None should survive.

    A.     RICO Conspiracy

Plaintiff fails to state a RICO conspiracy because he fails to plead several of the elements of an underlying RICO claim: a RICO enterprise, multiple predicate acts, or continuity. While Plaintiff alleges that the various non-bank defendants are part of an association-in-fact (Compl. ¶ 75), he does not allege how those defendants are related to each other, how their relationships work in practice, or any non-conclusory facts about their hierarchy, organization, and activities. *See Abbott Labs. v. Adelphia Supply USA*, No. 15-CV-5826 (CBA) (LB), 2017 WL 57802, at *4 (E.D.N.Y. Jan. 4, 2017) ("[g]laringly absent are allegations of interpersonal relationships"). Plaintiff then fails to plead multiple predicate acts of racketeering activity—asserting only that the alleged enterprise "engaged in numerous acts of wire fraud" (Compl. ¶ 76)—without making any related allegations of fact. *See Hirsch v. City of N.Y.*, 300 F. Supp. 3d 501, 516 (S.D.N.Y. 2018) ("vague, conclusory, and speculative allegations are insufficient to plausibly allege a violation of two RICO predicate acts"). Finally, Plaintiff's assertion of a supposedly larger scheme that "defrauded at least

2

dozens" of unnamed persons (Compl. ¶ 80; *see also id.* ¶ 45) cannot serve to establish continuity, since "multiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014); *see also Ozbakir v. Scotti*, 764 F. Supp. 2d 556, 572 (a "sweeping allegation that defendants 'employed the same scheme'" with respect to other properties did not show continuity).

Not only has Plaintiff failed to plead an underlying RICO claim, Plaintiff has failed to plead "an agreement to commit predicate acts," as would be necessary to establish a RICO conspiracy claim. *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990). Nor has Plaintiff pled the required *when*, *why*, or *how* any such agreement came to be. *See, e.g.*, *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 545 (S.D.N.Y. 2014) (dismissing RICO conspiracy count where plaintiff merely alleged a "conclusory allegation that the defendants 'agreed' to commit the violations," with no other allegations that "the defendants had any 'meeting of the minds'").

   B. <u>Aiding and Abetting</u>

To establish aiding and abetting liability—for both fraud and conversion—Plaintiff must allege, under the heightened pleading standard of Rule 9(b): (1) BoCom's actual knowledge of the fraud and conversion, and (2) BoCom's substantial assistance in the fraud or conversion. *In re Agape Litig.*, 773 F. Supp. 2d 298, 308, 322, 325 (E.D.N.Y. 2011). Plaintiff does not do so.

Plaintiff entirely fails to allege actual knowledge. Even a bank's negligence in recognizing supposedly fraudulent transactions—where the "signs converge to form a *veritable forest of red flags*"—cannot constitute actual knowledge of fraud. *Huang v. Hong Kong & Shanghai Banking Corp. LTD*, No. 1:20-cv-03548-LTS-SN, 2022 WL 4123879, at *5 (S.D.N.Y. Sept. 9, 2022) (emphasis added). Nor would a bank's supposed failure to properly implement AML and KYC policies constitute actual knowledge. *See Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 288 (E.D.N.Y. 2010). Indeed, Plaintiff acknowledges as much. He states that, by failing to implement AML and KYC policies, the "banks *inadvertently* provide[d] the infrastructure" for pig-butchering schemes. Compl. ¶ 58 (emphasis added). Plaintiff also fails to allege that BoCom did anything other than process ordinary banking transactions, which does not, as a matter of law, constitute substantial assistance. *See, e.g.*, *Weshank v. Bank of Am., N.A.*, 451 Fed. App'x 61, 62 (2d Cir. 2012).

* * * * *

Because Plaintiff has failed to plead personal jurisdiction over BoCom or a viable cause of action against BoCom, we respectfully request a pre-motion conference, at which time we would seek leave to file a motion to dismiss.

                  Respectfully submitted,

                  */s/ William Devaney*
                  William Devaney (WD-0563)
                  Jacob M. Kaplan  (JK-0696)
                  John Treat (JT-6778)